IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-CR-439 |
| | ) | |
| JACQUES ANTWON CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The defendant-inmate, Jacques Campbell, has filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He seeks relief on the same basis underlying his first motion: his predicate felony no longer qualifies as a serious drug offense, and he would not be subject to the sentencing enhancement under 21 U.S.C. § 841 if adjudged today. He also contends that the U.S. Attorney General's December 2022 prosecutorial policy guidance for drug cases as well as his acceptance of responsibility for the second count in the indictment, possession of a firearm in furtherance of a drug trafficking crime, constitute extraordinary and compelling reasons for release. His renewed motion is denied because he has not demonstrated the extraordinary and compelling circumstances necessary for a sentence reduction.

## I. Procedural History

In 2013, Mr. Campbell pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm in furtherance of a drug

trafficking crime.  Minute Entry 05/16/2013; Doc. 21.  Before his Rule 11 hearing, the

government filed a sentencing enhancement information pursuant to 18 U.S.C. § 851.

Doc. 18.  It asked that Mr. Campbell be subjected to increased penalties for the

possession with intent to distribute count, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), because

he had previously been convicted of a felony drug offense, trafficking in cocaine in

violation of N.C. Gen. Stat. § 90-95(h)(3).  *See* Doc. 42 at ¶¶ 2, 44.[1]

At that time, the sentencing enhancement required a prior conviction "for a felony

drug offense, defined as 'an offense that is punishable by imprisonment for more than

one year under any law of the United States or of a State or foreign country that prohibits

or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant

or stimulant substances.'"  *United States v. Lee*, No. 18-CR-153, 2021 WL 640028, at *5

(E.D.N.C. Feb. 18, 2021) (cleaned up).  The mandatory minimum penalty under § 90-

95(h)(3) is 35 months.  *See* Doc. 42 at ¶ 44.  As such, Mr. Campbell was subject to the

sentencing enhancement, *see* 21 U.S.C. § 841(b)(1)(B) (2012), which changed the

statutory penalty for count one from not less than five years and not more than 40 years

imprisonment to not less than 10 years and up to life imprisonment.  *See* Doc. 29 at 14.

Mr. Campbell was sentenced to the statutory minimum of 120 months on the drug

charge and 60 months on the firearm charge, to run consecutively.  Doc. 27 at 2.  The

Fourth Circuit dismissed Mr. Campbell's appeal.  Doc. 75.

---

[1] The Information of Prior Conviction mistakenly identifies the felony drug conviction as
attempted trafficking in cocaine, Doc. 18 at 1, but the Presentence Investigation Report clarified
that the conviction was for trafficking in cocaine.  Doc. 42 at ¶¶ 2, 44.

Mr. Campbell sought compassionate release in 2021, contending that the § 841 enhancement would no longer apply and that he had served 70% of his sentence, demonstrated rehabilitation in prison, and developed a solid release plan. Doc. 81. The Court agreed that Mr. Campbell would not be subject to the § 841 enhancement if he were sentenced at the time of review, but the Court held that the change in the law did not constitute extraordinary and compelling circumstances given Mr. Campbell's particular offense conduct and criminal history category of VI. Doc. 82 at 4–5.

In his renewed motion, Mr. Campbell argues that the sentencing disparity resulting from the change to the § 841 enhancement, along with the Attorney General's policy directive on prosecuting drug cases issued in December 2022 and his acceptance of responsibility for the second count, possession of a firearm in furtherance of a drug trafficking crime, cumulatively constitute an extraordinary and compelling reason to grant release. Doc. at 83 at 6–7. He also maintains that his good behavior in prison, rehabilitation, and completion of over 75% of his sentence weigh in favor of a reduction. *Id.* at 7–8.

## II. Compassionate Release Standard

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart." (cleaned up)). A court may modify a sentence only when the Federal Rules of Criminal Procedure or a statute expressly permits it to do so. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), often called the "compassionate release" provision, is one such statutory

3

provision. For a sentence reduction under § 3582(c)(1)(A) to be appropriate, the movant must satisfy the administrative exhaustion requirement when invoked by the government. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

Section 3582(c)(1)(A) also requires that extraordinary and compelling reasons merit a reduction in sentence, that the reduction is consistent with any applicable policy statements issued by the Sentencing Commission, U.S. SENT'G GUIDELINES MANUAL § 1B1.13, and that the relevant § 3553(a) sentencing factors do not counsel against early release. *See United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023). Even if the court finds extraordinary and compelling reasons support release, the court in its discretion may deny a defendant's motion after balancing the applicable § 3553(a) factors. *See United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

In 2023, the U.S. Sentencing Commission amended its policy statement to cover motions for sentence reduction filed by defendants and to expand the list of extraordinary and compelling reasons sufficient to support such a motion under § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The amendments became effective on November 1, 2023. *Id.* They supersede much of the case law that developed over the past several years while there was no applicable policy statement.

As is relevant here, the new policy statement now in effect authorizes a finding of extraordinary and compelling reasons if:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years of the sentence; and (c) an intervening change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

4

U.S.S.G. § 1B1.13(b)(6).  An intervening change in law can be considered even if it is not retroactive.  *Id.*  The policy statement requires courts that find all three factors give full consideration to "the defendant's individualized circumstances."  *Id.*

### III.    Changes in the Law and Policy

Since the Court sentenced Mr. Campbell in 2013, there have been changes in the law and federal policy.

### A.  The First Step Act Changes the Law for § 841 Sentence Enhancements

In 2018, Congress passed the First Step Act, which among other things "amended § 841(b)(1)(B) such that a mere 'felony drug offense' no longer triggers the sentencing enhancement."  *United States v. Thompson*, 961 F.3d 545, 548 n.3 (2d Cir. 2020).  As amended, a defendant must have a "a prior conviction for a serious drug felony or serious violent felony" for the enhancement to apply.  *Id.*  "Serious drug felonies include offenses under State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  *Id.* (cleaned up); *see also* 18 U.S.C. § 924(e)(2)(A).

This Court has already concluded that the maximum penalty under N.C. Gen. Stat. § 90-95(h)(3), under which Mr. Campbell was convicted in 2009 for trafficking in cocaine, is 51 months.[2]  Doc. 82 at 4.  A violation of § 90-95(h)(3) is thus not a "serious drug felony," and if Mr. Campbell were sentenced today, he would not be subject to the sentencing enhancement.  *Id.*

---

[2] At the time Mr. Campbell was convicted, the maximum penalty was 42 months.  *See* Doc. 42 at ¶ 44.  The Court adopted the presentence investigation report without change.  Doc. 52.

5

### B. The Attorney General's Policy Directive on Drug Sentencing

In December 2022, the U.S. Attorney General issued a policy directive to federal prosecutors instructing them to "promote the equivalent treatment of crack and powder cocaine offenses." Doc. 83 at 13. Mr. Campbell contends that were he charged under the new policy directive for the possession with intent to distribute crack cocaine charge, Doc. 1 at 1; Doc. 12 at 2, he "would have received a significantly shorter sentence." Doc. 83 at 3.

### IV. Relevant Facts

Mr. Campbell, age 41, has served 10 years of his fifteen-year sentence. Doc. 86-1. He remains incarcerated at FCI Edgefield, South Carolina. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 30, 2023). He is scheduled for release, after credit for good conduct, on June 3, 2026. Doc. 83 at 8.

Mr. Campbell has a long criminal record. After convictions for numerous misdemeanors, including drug possession, Doc. 42 at ¶¶ 27–37, Mr. Campbell was convicted of felony larceny at age 22 and felony possession of cocaine and felony possession with intent to sell cocaine at age 24. *Id.* at ¶¶ 38, 41–42. Incarceration and supervision did not deter Mr. Campbell's criminality, and he was convicted of several additional crimes, including felony trafficking in cocaine for which he served additional time in prison. *Id.* at ¶¶ 43–47. At age 29, Mr. Campbell committed the offenses for which he is now serving a federal sentence. *Id.* at 2, ¶ 1.

Since his last motion, he has maintained good behavior, free of any negative incident reports. Doc. 86-3 at 2. In advance of his last motion, he completed academic

6

and professional development coursework, but he has not completed any courses in more than two years.  *Id.* at 1.  Mr. Campbell successfully maintained his work assignment in the food service work detail, and he recently started a new assignment in the recreation program.  *Id.* at 2.  Mr. Campbell does not reference a post-release plan in his motion or brief.  Doc. 83; Doc. 87.

## I.     Compassionate Release Discussion

### A. Exhaustion

Mr. Campbell has exhausted the administrative requirements, as the government acknowledges.  Doc. 86 at 4 n.1.  On December 20, 2022, Mr. Campbell submitted a written request to the warden at FCI Edgefield, asking the BOP for compassionate release.  Doc. 83 at 15.  The warden did not respond within 30 days.  *Id.* at 3.

### B.  Extraordinary and compelling circumstances

Mr. Campbell contends that the sentencing disparity resulting from the change to the sentencing enhancement, the Attorney General's policy directive on prosecuting drug cases, and his acceptance of responsibility for the second count, possession of a firearm in furtherance of a drug trafficking crime, constitute extraordinary and compelling reasons to grant compassionate release.  *Id.* at 6–7.

In denying his first motion for compassionate release, the Court agreed that Mr. Campbell would not be subject to the enhancement were he sentenced at the time of that review.  Doc. 82 at 4.  But the Court held that the change in the law did not constitute extraordinary and compelling circumstances given Mr. Campbell's offense level and criminal history category of VI, which carried a guideline range of 110 to 137 months.

7

*Id.* at 4–5. The Court reasoned that since "the 120-month statutory minimum sentence that the Court was required to impose . . . fell squarely within his advisory guideline range," there was an independent basis for the 120-month sentence. *Id.* at 5. A review of the sentencing transcript and the Court's independent memory as the sentencing judge confirms that Mr. Campbell's sentence was appropriate even without the mandatory minimum in place because of the enhancement. *See* Doc. 28 at 8–9.

The policy statement allows courts to find extraordinary and compelling circumstances based on non-retroactive changes in law. U.S.S.G. § 1B1.13(b)(6). But this policy for "unusually long sentences" only applies when three factors are met. *See id.*

Mr. Campbell does not satisfy all three requirements. Putting aside whether he has served 10 years and whether his sentence is unusually long, he has not met the third requirement. The intervening change in law has not produced a gross disparity between the sentence being served and the sentence likely to be imposed now. As already explained, even absent the statutory mandatory minimum that would no longer apply, the guideline range would still be between 110 and 137 months. Doc. 42 at ¶ 79.

Nor does the Attorney General's policy directive on drug crimes constitute an extraordinary and compelling reason for compassionate release in Mr. Campbell's case. First, the policy directive clarifies that it is internal guidance only and "not intended to create a substantive or procedural right or benefit, enforceable by law." Doc. 83 at 14 n.4. Second, U.S.S.G. § 1B1.13(b)(6) permits courts to consider non-retroactive changes in law, not executive branch policy directives. Similarly, the Fourth Circuit authorized

courts to consider non-retroactive "legislative change" in the law, but it did not mention change in policy directives as a potential extraordinary and compelling reason for a sentence reduction.  *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020).

In his reply brief, Mr. Campbell contends that last year the Supreme Court recognized that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).  But as already explained, a change in prosecutorial practice is not an intervening change in the law.  Earlier this year, another district court denied a similar request, noting that "the Attorney General's memorandum does not reflect a change to current law" and that the "internal policy document for the Department of Justice" does not provide a "basis to conclude that the United States Attorney's Office would make a different charging decision." *Goffigan v. United States*, No. 16-CR-34, 2023 WL 3550896, at *5 (E.D. Va. May 18, 2023).  Out of respect for the separation of powers and to avoid the kind of speculative hindsight inherent in Mr. Campbell's request, the Court agrees.  To the extent it can be characterized as a change of fact, the Court in its discretion does not consider it to be an appropriate basis for a sentence reduction here.

Lastly, Mr. Campbell contends that his guilty plea to count two, possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c), demonstrates "extraordinary acceptance of responsibility" and is an extraordinary and compelling basis for compassionate release because he is in fact innocent of that charge. Doc. 83 at 4–5.  But this argument makes no sense.  His denial of guilt now, in

9

conclusory form and in contradiction to his sworn statements under oath when he pled guilty, is inconsistent with acceptance of responsibility. In any event, Mr. Campbell benefitted already from his plea of guilty to count two; because of his plea agreement, the government did not oppose a motion to dismiss the third count in the indictment and recommended a decrease in the offense level. Doc. 21 at 5. Finally, admitting guilt as part of a plea agreement is not a basis for establishing an extraordinary and compelling reason for compassionate release.

### C. § 3553(a) Factors

Courts must consider whether a sentence reduction is appropriate in light of applicable sentencing factors in § 3553(a). *See United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023). In the alternative, the Court finds that these factors do not support a sentence reduction.

Mr. Campbell contends that the Court should reduce his sentence because he has served over 75% of his sentence, is a "model prisoner," and has the potential to become "a significant and positive contributor to society upon his release." Doc. 83 at 8. The defendant bears the burden of establishing the necessary prerequisites for a sentence reduction, and Mr. Campbell has not submitted any evidence beyond his unsworn assertions.

The Court commends Mr. Campbell on his good behavior, his dedication to his work assignment in prison, and other positive strides. Doc. 86-3 at 2. But a sentence reduction would not reflect the seriousness of his offense, promote respect for the law, or protect the community. *See* 18 U.S.C. § 3553(a)(2)(A). Mr. Campbell has not completed

10

any educational courses over the last two years in preparation for reentry, Doc. 86-3 at 1, nor does he provide any evidence of a post-release plan.  Doc. 83; Doc. 87.  At his sentencing hearing, the Court specifically noted that a significant sentence was warranted because of his record, which included several other felony drug charges, Doc. 42 at ¶¶ 41–42, 44, and the fact that Mr. Campbell's criminal behavior had not been deterred by probationary sentences or short terms of imprisonment.  Doc. 28 at 8–9.

Mr. Campbell has not demonstrated that there are extraordinary and compelling circumstances and the § 3553(a) factors do not weigh in favor of a sentence reduction. The Court will deny the motion.

It is **ORDERED** that the defendant's motion for compassionate release, Doc. 83, is **DENIED**.

This the 2nd day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE